UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TAMEKA SIMMONS,

        Plaintiff,                                      **COMPLAINT**

vs.

                                                           **JURY TRIAL DEMANDED**

SUCCESS ACADEMY CHARTER SCHOOLS,
INC.,

        Defendant.
-------------------------------------------------------------X

        By and through her counsel, Watkins Law and Risman & Risman, P.C., Plaintiff complains of Defendant as follows:

        **I.**        **INTRODUCTION**

        1. Plaintiff, Tameeka Simmons, brings suit to redress the violation of her rights under the Americans with Disabilities Act (ADA), the Family Medical Leave Act (FMLA), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL).

        **II.**        **PARTIES**

        2. At all relevant times, Plaintiff worked for Defendant in the borough of Manhattan in New York, New York, within this judicial district.

        3. Defendant Success Academy Charter Schools, Inc., is a not-for-profit corporation headquartered in New York, New York, and was established pursuant to the laws of the State of New York. It may sue and be sued.

        **II.**        **JURISDICTION**

        4. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. secs. 1331, 1343 (3) and (4) and 1367, 29 U.S.C. §§ 2601 et seq., 42 U.S.C. secs 12112 et seq., and 29 U.S.C. §§ 621-634.

5. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a), as her state law claims arise from a common nucleus of facts as her federal claims.

6. Plaintiff filed a timely charge of disability discrimination and retaliation with the EEOC in March 2021 and has received a Notice of Right to Sue from the EEOC within the past 90 days.

### III. FACTUAL AVERMENTS

#### A. Background

7. In or about May 2016, Plaintiff commenced working for Defendant as an accounts payable coordinator, a full-time position.

8. Plaintiff suffered from a disabling medical condition in her feet, namely hallux valgus, consisting of painful bunions and hammertoe.

9. Plaintiff's medical condition caused her substantial limitations in the major life activities of standing and walking.

10. In or about April 2019, Plaintiff notified her direct supervisor, Shirell Holmes, that she had been advised that she would need to have bilateral foot surgery, but that it had not yet been scheduled.

11. Plaintiff's bilateral foot surgery was subsequently scheduled for April 2020, and Plaintiff informed her Shirell Holmes of her need for short-term leave for the surgery and recovery period.

12. In or about February 2020, as her foot condition had become more disabling and in advance of her scheduled surgery, Plaintiff requested a reasonable accommodation of her foot disability from Defendant's Human Resources (HR) personnel.

13. Plaintiff requested to wear sneakers rather than shoes at work, and submitted a note from her podiatrist which confirmed the medical necessity for this non-burdensome accommodation.

14. However, Defendant's HR personnel rejected Plaintiff's request and told her that she

would need to begin go through an "official" accommodation request process, which would have consisted of contacting a third party physician and undergoing a complicated and time-consuming process.

15. Given that Plaintiff would soon be having surgery and that the burden of going through this time-consuming "official" accommodation request process would have been significant, Plaintiff did not go through the process.

16. Under the circumstances, particularly in light of the extremely limited nature of Plaintiff's requested accommodation, Defendant's rejection of Plaintiff's request based on her medical note, and its requirement that she undergo an onerous process to seek the accommodation, were unreasonable.

17. Due to the onset of the COVID-19 pandemic in New York in March 2020, Plaintiff's scheduled foot surgery was postponed; Plaintiff notified Defendant of the delay and the fact that she would be having the surgery at a later date to be determined.

18. In or about August 2020, Plaintiff notified her new supervisor, Tanya Jackson, that she was awaiting notification of her rescheduled foot surgery and that she would need to take short-term leave for the surgery and recovery period.

19. In September 2020, Plaintiff was advised by her surgeon that her bilateral foot surgery would occur in October 2020.

20. In September 2020, Plaintiff notified her supervisor and Defendant's HR personnel that she would be undergoing bilateral foot surgery in October 2020 and that she would be requesting eight weeks of Family Medical Leave Act (FMLA) leave for the surgery and recovery period.

21. Plaintiff thereafter submitted her FMLA paperwork for eight weeks of FMLA leave to Defendant, and also submitted paperwork for short-term disability benefits to Success Academy's

disability benefits insurer, Unum.

22. On October 1, 2020, before Plaintiff's scheduled foot surgery and attendant leave, Defendant terminated her employment.

23. Prior to her termination, Defendant did not give Plaintiff any notice that her job was in jeopardy or that she might be terminated for any reason.

24. Defendant terminated Plaintiff because of her disability, and in retaliation for having sought the reasonable accommodation of short-term leave for her bilateral foot surgery.

25. Defendant terminated Plaintiff in retaliation for having requested FMLA leave, and thereby interfered with Plaintiff's ability to take FMLA leave.

26. As a result of her termination, Plaintiff lost her health benefits and short-term disability benefits at a particularly vulnerable time for her – just before her scheduled surgery.

27. In addition, as a result of her termination, Plaintiff lost pay and all of her benefits, including retirement benefits.

28. Plaintiff's termination caused her emotional distress, humiliation, and anxiety.

29. In terminating Plaintiff's employment on the brink of her scheduled leave and surgery, Defendant acted maliciously and/or in reckless disregard of her rights under federal and state law.

30. In addition, Defendant failed to provide Plaintiff with the reasonable accommodation of wearing sneakers rather than shoes in the workplace, which needlessly exacerbated the physical pain caused by her medical condition.

### IV. CAUSES OF ACTION

31. Plaintiff incorporates paras. 1-30 as if fully restated herein.

32. In terminating Plaintiff because of her disability, Defendant violated her rights under the Americans with Disabilities Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 et seq., the

4

NYSHRL, N.Y. Executive Law § 296, and the NYCHRL, N.Y.C. Admin. Code §§ 8-101 *et seq.*

33. In terminating Plaintiff because of her request for the reasonable accommodation of short-term leave, Defendant violated her rights under the Americans with Disabilities Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 et seq., the NYSHRL, N.Y. Executive Law § 296, and the NYCHRL, N.Y.C. Admin. Code §§ 8-101 *et seq.*

34. In terminating Plaintiff because she had requested FMLA leave, Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., both by retaliating against her for seeking to exercise her FMLA rights and by interfering with her exercise of her FMLA rights.

35. In refusing Plaintiff's request for the reasonable accommodation of wearing sneakers rather than shoes, Defendant violated her rights under the Americans with Disabilities Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 et seq., the NYSHRL, N.Y. Executive Law § 296, and the NYCHRL, N.Y.C. Admin. Code §§ 8-101 *et seq.*

## V.    PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to Plaintiff compensatory damages, including damages for lost pay and benefits, and physical pain and emotional distress;

(c) award to Plaintiff liquidated damages against defendant for its willful violation of the FMLA;

(d) award to Plaintiff punitive damages under the ADA, the NYSHRL, and/or the NYCHRL;

(d) award Plaintiff front pay under the NYSHRL and NYCHRL;

(f) award to Plaintiff reasonable attorneys' fees and costs; and

(g) enter any other relief justified by the law and facts.

Dated: New Paltz, NY
   December 3, 2021

                   Christopher D. Watkins
                         WATKINS LAW
                         5 Paradies Lane
                        New Paltz, NY 12561
                         (845) 419-2250

                           Maya Risman
                       RISMAN & RISMAN, P.C.
                      299 Broadway, Floor 17
                      New York, New York 10007
                          (212) 233-6400
                        *Attorneys for Plaintiff*