UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TAMEKA SIMMONS,

        Plaintiff,                                                 21 CV 10367 (ER)

vs.

SUCCESS ACADEMY CHARTER SCHOOLS,         **PLAINTIFF'S SUR-REPLY
INC.,                                                               IN OPPOSITION TO
                                                                                             DEFENDANT'S MOTION FOR
        Defendant.                                                          SUMMARY JUDGMENT**
-------------------------------------------------------------X

      With the Court's permission, Plaintiff respectfully files this sur-reply in further opposition to Defendant's motion for summary judgment.

      Peter Wanner's April 2020 reorganization plan document stated: "Once the open payroll position is filled, the AP Coordinator moves back 100% to AP and we can release the low performing AP Coordinator. One AP Coordinator position will then be vacant and we will review whether it's needed going forward." (Ex. 6 at p. 6, at last bullet point). Wanner identified Plaintiff as "the low performing AP Coordinator" who would be released "once the open payroll position was filled." (Ex. 6 at p. 3; Ex. 18 at 44:6-16).

      When Wanner was questioned at deposition about when the "open payroll position" was filled, he testified as follows:

> Q. So at this point in time when you prepared this document [Ex. 6] was there a payroll position that was open?
> A. Correct.
> Q. And was that position ever filled?
> A. Yes.
> Q. When?
> A. The position was filled last year, 2021.
> . . .
> Q. When in 2021 approximately time-wise was the open payroll position filled?
> A. Don't recall the timing, but between -- had tried to get these temps as well, but it was -

>   - I -- I really don't remember exactly, but beginning of August/September time frame.
>   Q. Of 2021, not 2022, correct, so over a year ago?
>   A. Yeah.
>   . . .
>   Q. Would there be documents which would reflect when the position was filled?
>   A. I assume there are, yeah, in the HR records.
>   Q. Well, who filled the position? What's the name of the person?
>   A. It's Yaye Bucco [sic].

(Ex. 18 at 26:24-28:14).

Following Wanner's deposition, Plaintiff requested documents showing when Yaye [Bozzo] was hired, and Defendant produced her offer letter from August 2021. (Ex. 7). Plaintiff also provided Defendant with Wanner's deposition transcript and requested that he "review and sign and make any corrections on a separate errata sheet." (See Ex. 1 attached hereto). Defendant never provided Plaintiff with any changes to Wanner's deposition. See Fed. R. Civ. P. 30(e)(1)(B).

In its summary judgment reply, Defendant asserted that, contrary to Wanner's deposition testimony, the open payroll position was actually filled in November 2020 (Def's Reply Brief at p. 4), and submitted a declaration from Wanner in support of that new factual assertion: "During my November 17, 2022 deposition, I inadvertently stated that Yaye Bucco [sic], who was hired by Success Academy in August 2021, was hired to fill the Payroll Associate vacancy. However, the Payroll Associate position was first filled by Terry Anne Gayle on November 4, 2020." (Wanner Reply Declaration ¶¶ 8, 9). In addition, Wanner averred in his Reply Declaration that Evan Smith (the AP Coordinator who had been splitting his time between AP and Payroll) "returned to performing 100% of his Accounts Payable duties in Autumn 2020." (Id. ¶ 7).

As an initial matter, of course, a defendant cannot eliminate a disputed question of fact through a Reply Declaration that directly contradicts its own witness's sworn deposition

2

testimony, particularly when it never attempted to correct the allegedly incorrect testimony prior to filing its summary judgment motion. The "sham affidavit" rule applies with at least as much force to a defendant seeking to obtain summary judgment as it does to a plaintiff seeking to defeat summary judgment:

> At the outset, the Court rejects Murex's bold-and baseless-argument that the sham affidavit rule does not apply to declarations offered in support of, rather than in opposition to, a motion for summary judgment. Def. Reply at 14. Murex does not supply any authority for this proposition. And it is nonsensical. There is no conceivable reason why the law would permit sham affidavits-ones contravening the declarants' earlier sworn testimony at a deposition-where offered to aid a party seeking summary judgment, but bar them where offered to block an opponent's summary judgment motion. True, the cases articulating the sham affidavit doctrine often speak of such declarations as baselessly attempting to "create a triable issue of fact, and thus avoid summary judgment." *See, e.g.*, *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14 Civ. 1783 (PAE), 2016 U.S. Dist. LEXIS 139279, 2016 WL 5864887, at *3 (S.D.N.Y. Oct. 6, 2016). But that is because the context in which sham affidavits are commonly offered is a party opposing an otherwise meritorious summary judgment motion. But the purpose of the rule-which is to respect the deposition process and prevent witnesses from repudiating sworn testimony once adversarial questioning has ceased-equally applies to sham affidavits offered to procure judgment for the offering party. To the extent statements in declarations submitted by Murex renounce earlier testimony of the declarant, the Court disregards such testimony.

*FDIC v. Murex LLC*, 500 F. Supp. 3d 76, 95 (S.D.N.Y. 2020); see *Golden v. Merrill Lynch & Co.*, 2007 U.S. Dist. LEXIS 90106, at *24 (S.D.N.Y. Dec. 6, 2007) ("[C]ourts in the Second Circuit are particularly reluctant to credit affidavit testimony that alleges critical, obviously material facts that were not mentioned at deposition, noting that such circumstances strongly suggest a sham affidavit."). As such, the Court should disregard Wanner's Reply Declaration and Defendant's arguments which rely on it.

Beyond that, Defendant's inconsistent and untested assertions based on Wanner's Reply Declaration do not negate any disputed issue of material fact. Instead, they tend to support Plaintiff's position.

These newly asserted facts strongly suggest that the following occurred: (1) on September 9, 2020, Wanner learned that Plaintiff would be requesting a one or two-month medical leave to have surgery in October or November 2020 (Ex. 9); (2) on September 11, Plaintiff applied for two-month FMLA leave that would commence on October 16, 2020 (Exs. 12-14); (3) after learning that Plaintiff would be taking medical/FMLA leave, Wanner decided to terminate her employment as of October 1, 2020; (4) after deciding to terminate Plaintiff's employment on October 1, 2020, Defendant then sought to fill the open payroll position and did so in November 2020; and (5) because of Plaintiff October 1, 2020 termination, at some point in "Autumn 2021," Evan Smith began to perform AP work 100% of the time.

Defendant's argument that summary judgment is warranted because allegedly it filled the open payroll position in November 2020 and Evan Smith "returned to performing 100% of his accounts payable duties by Autumn 2020," is nonsensical. (Def's Reply Brief at p. 4). If Defendant were now asserting that it had actually filled the open payroll position *before* Plaintiff's termination and Smith had begun performing AP duties exclusively *before* Plaintiff's termination, then Defendant might have a coherent argument, although that argument would have to be made at trial rather than on summary judgment due to the sham affidavit rule. But according to Defendant's newly asserted facts, it did not fill the open payroll position until *after* Plaintiff's termination and Smith did not begin performing AP duties exclusively until "Autumn 2020," *i.e.*, at *some unspecified point* after September 21, 2020 and before December 21, 2020,

which was most likely after Plaintiff's October 1, 2020 termination, and almost certainly after the decision to terminate her had already been made.[1]

Indeed, Defendant's newly asserted facts support Plaintiff more than they support Defendant. They strongly suggest that Defendant decided to terminate Plaintiff because she requested FMLA leave and would be out for two months, and then scrambled to fill the open payroll position so that Evan Smith could return to performing AP duties exclusively as Defendant was then short one AP Coordinator (Plaintiff).

Respectfully, this Court should deny summary judgment.

Date:   March 28, 2023

/s/ *Christopher D. Watkins*

Christopher D. Watkins
WATKINS LAW
5 Paradies Lane
New Paltz, NY 12561
(845) 419-2250

Maya Risman
RISMAN & RISMAN, P.C.
299 Broadway, Floor 17
New York, New York 10007
(212) 233-6400
*Attorneys for Plaintiff*

---

[1] Wanner and Defendant's use of "Autumn 2020" is pure obfuscation, given that "Autumn 2020" encompasses a 91-day time span, 90% of which was subsequent to, not before, Plaintiff's termination.

# EXHIBIT 1



Chris Watkins <chris@cdwatkinslaw.com>

## RE: Simmons/Success Academy - Wanner Deposition

**Chris Watkins** <chris@cdwatkinslaw.com>  Tue, Dec 13, 2022 at 12:22 PM
To: "Windholz, Diane (NYC)" <Diane.Windholz@jacksonlewis.com>, "Victorelli, Laura A. (NYC)" <Laura.Victorelli@jacksonlewis.com>
Cc: Maya Risman <mrisman@risman-law.com>

Diane and Laura:

I am attaching Mr. Wanner's deposition transcript. Links to the Exhibits appear at p. 58. Please have Mr. Wanner review and sign and make any corrections on a separate errata sheet.

Very truly yours,

Christopher D. Watkins

# WATKINS LAW

*Civil & Employee Rights*

5 Paradies Lane, 2nd floor

New Paltz, NY 12561

tel: 845-419-2250

fax: 845-469-5904

www.cdwatkinslaw.com

*Privilege and Confidentiality are not waived.*

*If you are not an intended recipient,*